IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| FAHAD ZAZAI, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | |
| | § | |
| WARDEN, Operator of the IAH Secure | § | |
| Adult Detention Facility; MATTHEW W. | § | CIVIL ACTION NO. 9:26-CV-00463 |
| BAKER, Houston ICE Field Office | § | JUDGE MICHAEL J. TRUNCALE |
| Director; TODD LYONS, Acting Director | § | |
| U.S. Customs and  Immigration | § | |
| Enforcement; MARKWAYN EMULLIN, | § | |
| U.S. Secretary of Homeland Security; | § | |
| TODD BLANCHE, Acting Attorney | § | |
| General of the United | § | |
| States; | § | |
| *Respondents*. | § | |

## <u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS</u>

Before the Court is Petitioner Fahid Zazai's Petition for Writ of Habeas Corpus (the "Petition") [Dkt. 1]. For the following reasons, the Petition is **GRANTED**.

### I. BACKGROUND

Petitioner Fahid Zazai ("Zazai") is an Afghani national. [Dkt. 1 at ¶ 1]. On November 5, 2024, United States Immigration and Customs Enforcement ("ICE") detained Zazai. *Id.* at ¶ 2.

On June 20, 2026, Zazai brought a habeas corpus petition. [Dkt. 1]. On July 24, 2026, the Court issued an Order to Show Cause in which it requested that the Respondents show why the Petition should not be granted, specifically citing Zazai's prolonged detention. [Dkt. 6]. The Respondents filed their Response on July 24, 2026. [Dkt. 7]. Zazai filed a Reply on July 27, 2026. [Dkt. 8]. The Petition is now ripe for review.

### II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal

1

basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

### III. DISCUSSION

Zazai filed two claims with his petition: (1) a violation of the Immigration and Nationality Act because his removal is not reasonably foreseeable, and (2) a violation of the Fifth Amendment's due process clause because of his prolonged detention. [Dkt. 1 at ¶¶ 51–64].

*Zadvydas v. Davis* provides that aliens pending removal pursuant to 8 U.S.C. § 1231 cannot be detained indefinitely. 533 U.S. 678, 699 (2001). "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* Courts "must ask whether the detention in question exceeds a period reasonably necessary to secure removal," considering "the greater immigration-related expertise of the Executive Branch," "the serious administrative needs and concerns inherent in the necessarily extensive INS efforts to enforce this complex statute," and "the Nation's need to 'speak with one voice' in immigration matters." *Id.* at 700.

As guidance, the Supreme Court assumed a "presumptively reasonable period of detention" of six months. *Id.* at 700–01. After this six month period has elapsed, the alien has the burden of demonstrating "good reason to believe that there is no significant likelihood of removal in the reasonably near future." *Id.* at 701.

Zazai asserts ICE has not initiated any proceedings necessary to remove him. He indicates that "efforts to remove him" have failed, because those countries would not accept him or issue travel documents. [Dkt. 1 at ¶ 56]. The Respondents state that the last activity in his removal proceedings

2

occurred on May 28, 2025, when another Certificate of Identity for Departure from the United States form was submitted to ICE ERO Headquarters to remove Zazai to Afghanistan. [Dkt. 7 at 3]. On this record, with detention stretching over a year and a half and no progress made in over a year, the Court finds removal is not reasonably foreseeable.

Because removal is not reasonably foreseeable, ICE "shall promptly make arrangements for the release of the alien subject to appropriate conditions." 8 C.F.R. § 241.13(g)(1). Fahid Zazai is to bear all attorney's costs and fees he has incurred, as required under Fifth Circuit precedent. *Barco v. Witte*, 65 F.4th 782, 784 (5th Cir. 2003).

### IV. CONCLUSION

Because Fahid Zazai has demonstrated by a preponderance of the evidence that his detention violates federal law, he obtains habeas relief under 28 U.S.C. § 2241(c)(3).

It is therefore **ORDERED** that Zazai's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **GRANTED**. The Court **ORDERS** Fahid Zazai be released by August 10, 2026, at 5:00 P.M.. Respondents must notify his counsel of the exact time and location of his release no less than two hours before his release.

It is further **ORDERED** that the parties provide the Court with a status update concerning Zazai's release and the conditions, if any, of that release.

All pending motions are hereby **DENIED AS MOOT** and any future hearings are **CANCELLED**. Fahid Zazai is to bear all attorney's costs and fees he has incurred. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 7th day of August, 2026.**

Michael J. Truncale
United States District Judge

3